NO. 07-02-0154-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL D


JULY 2, 2002

______________________________


In re J.A.G, a CHILD


______________________________


FROM THE 320th JUDICIAL DISTRICT FOR POTTER COUNTY;


NO. 62386-D; HON. DON EMERSON, PRESIDING

_____________________________


Before BOYD, C.J., QUINN and REAVIS, J.J. 


 Pending before the court is the motion by the Texas Department of Protective and
Regulatory Services (TDP) to dismiss the appeal of Leigh Goldsmith for want of
jurisdiction. The latter had attempted to appeal from an order signed on January 4, 2002,
terminating her parental relationship with J.A.G, a child. The notice of appeal was filed on
April 2, 2002.

 Since September 1, 2001, statute mandates that appeals from decisions terminating
the parent / child relationship be treated as accelerated. Tex. Fam. Code Ann. §263.405(a)
(Vernon Supp. 2002). Applicable rule of procedure, therefore, requires an appellant to file
the notice of appeal within 20 days after the judgment or order is signed. Tex. R. App.
Proc. 26.1(b). More importantly, this time period is not extended by timely filed motions
for new trial or other post-judgment motions or requests for findings of fact and conclusions
of law. Tex. Fam. Code Ann. §263.405(c). 

 Here, the final order terminating the parental rights of Goldsmith was signed on
January 4, 2002. Thus, her notice of appeal was due on or before January 25, 2002. 
However, it was not filed until April of 2002. Since a timely motion to extend this time
period was not filed and because we lack the authority to modify the deadlines applicable
to perfecting an appeal, Tex. R. App. Proc. 2, we cannot entertain the cause.

 Accordingly, the motion of the TDP is granted and the cause is dismissed for want
of jurisdiction.


 Per Curiam 



Do not publish.



span style="font-family: 'Arial', sans-serif">AT AMARILLO

PANEL B

FEBRUARY 11, 2009

______________________________


JOSEPH LARRY HOLDER, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee

_________________________________

FROM THE COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY;

NO. 1094009; HON. JAMIE CUMMINGS, PRESIDING
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


Memorandum Opinion


          After a jury trial, Joseph Larry Holder was convicted of assault with bodily injury to
a family member and sentenced to 300 days confinement in the Tarrant County jail. 
Appellant timely filed a notice of appeal. 
          Appellant’s appointed counsel has now filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellant’s appeal is without merit. Along with his brief, he has filed a copy
of a letter sent to appellant informing him of counsel’s belief that there was no reversible
error and of appellant’s right to file a response pro se. By letter dated November 21, 2008,
this court notified appellant at his last known address of his right to file his own response
by December 22, 2008, if he wished to do so.


 No response has been received.
          In compliance with the principles enunciated in Anders, appellate counsel discussed
several potential areas of appeal including the sufficiency of the evidence, ineffective
assistance of counsel, and an evidentiary ruling. However, he also discussed why each
area reveals no reversible error. Thereafter, we conducted our own review of the record
to assess the accuracy of appellate counsel’s conclusions and to uncover any reversible
error pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991) and concluded
the same. 
          Accordingly, the motion to withdraw is granted and the judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice


Do not publish.